**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4032

DAN L. JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-133)

Submitted: June 30, 2000

Decided: July 12, 2000

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dan L. Johnson, Appellant Pro Se. Miller Allison Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dan L. Johnson appeals the district court's order revoking supervised release and imposing a one-year prison sentence for violating the conditions of supervised release. We affirm.

Johnson was convicted of failing to keep required records of controlled substances, 21 U.S.C.A. § 842(a)(5) (West Supp. 1999), and making a false statement, 18 U.S.C.A. § 1001 (West Supp. 2000). The district court initially sentenced Johnson to five years on probation, with the special conditions that he perform 500 hours of community service, undergo drug screening, and participate in a substance abuse program. Johnson violated the terms of his probation. On July 29, 1996, the district court revoked Johnson's probation and ordered that he serve a three-year term of supervised release, including a six-month period of home confinement with electronic monitoring. Johnson was ordered to pay any costs of home confinement unless otherwise excused by the court or the probation office. Additionally, Johnson was required to perform 500 hours of community service and to submit a written report to the probation officer on a monthly basis.

On October 7, 1999, the probation officer filed a petition asking that supervision be revoked. The petition stated that Johnson had performed a total of seventy-four hours of community service (fifty-eight hours in 1996 and sixteen hours in 1997). Additionally, Johnson had failed to pay his home confinement costs of under $1000 and had filed only one report with his probation officer in over two years. Following a hearing, at which Johnson did not contest the charges, the district court found him to be in violation of the terms of supervised release. The court revoked supervised release and ordered Johnson incarcerated for twelve months. Johnson timely appeals.

The arguments raised on appeal have no merit. First, the district court acted fully within the law when it sentenced him to twelve months in prison. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995); United States Sentencing Guidelines Manual §§ 7B1.1(a)(3), 7B1.4(a) (1998). Second, we note that Johnson's complaint about bearing the costs of electronic monitoring is primar-

2

ily a policy statement consisting of unfounded speculation about the potential for graft among the judiciary. Further, we note that the district court had the authority to require Johnson to bear the costs of electronic home monitoring. See 18 U.S.C.A.§ 3553(a)(2)(B) (West 1994); 18 U.S.C.A. § 3583(d) (West Supp. 2000); USSG § 5E1.2(d)(7). Finally, we observe that Johnson's failure to undergo drug screening was not identified as a ground for revocation of supervised release and, because it has no relation to the order before us on appeal, is not properly before us. Nonetheless, we find wholly baseless Johnson's assertion that not appearing for screening at a local mental health facility should be excused because it demeaned him.

We accordingly affirm the revocation of supervision and the imposition of a twelve-month term of imprisonment. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

3